IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:19-cr-00661-JDW |
| v. | : | |
| | : | |
| LATIF COUSIN. | : | |
| | : | |

## MEMORANDUM

After pleading guilty to distribution of cocaine, cocaine base, and heroin, Latif Cousin wanted to stay out of prison pending his sentencing. But he is subject to 18 U.S.C. § 3143(a)(2), which mandates detention for him absent certain exceptions that do not apply to him. In an effort to escape Section 3143(a)(2)'s mandate, his lawyers invoked 18 U.S.C. § 3145(c), which permits a court to release defendants for "exceptional reasons" in some circumstances. Mr. Cousin's interpretation of Section 3145(c) is a classic example of an elephant hiding in a mousehole. He would have the Court hold that, even though Congress mandated detention for individuals like him, it buried an exception to that rule in the third sentence of a subsection of a different statutory section. That's not how statutes work. The Court writes to explain its decision at Mr. Cousin's change-of-plea hearing to revoke Mr. Cousin's pretrial release and to order him detained.

## I.    BACKGROUND

On November 13, 2019, a grand jury charged Mr. Cousin with six counts of distribution of drugs, in violation of 18 U.S.C. § 841(a)(1). After Mr. Cousin's arrest, he was released subject to certain conditions. (ECF No. 10.) Mr. Cousin remained on release pending trial for the next 10 months. On September 30, 2020, Mr. Cousin pled guilty to all six counts in the indictment. In its plea memorandum, the Government argued that following Mr. Cousin's guilty

plea, 18 U.S.C. § 3143(a)(2) would require the Court to revoke Mr. Cousin's pretrial release and remand him to the Bureau of Prisons. (ECF No. 34.)

The Court heard argument on that request at the conclusion of the plea hearing. Mr. Cousin acknowledged that 18 U.S.C. § 3143(a)(2) mandates pre-trial detention pending sentencing. However, he argued that the Court has discretion under 18 U.S.C. § 3145(c) to release him if he can make an appropriate showing, including showing exceptional reasons that his detention was not appropriate. On the record, the Court explained that it interprets Sections 3143(a)(2) and 3145(c) differently than Mr. Cousin. The Court provided some explanation on the record. It writes now to provide a more complete analysis of these two statutory provisions.

## II.   ANALYSIS

### A.   Section 3145(c) Is Ambiguous About The Discretion It Gives To District Courts

Section 3143(a)(2) provides that a Court "shall order" detention for any defendant who has been found guilty of certain crimes and is awaiting imposition or execution or a sentence. 18 U.S.C. § 3143(a)(2). However, the statute vests courts with discretion to release defendants subject to the statute only if the "judicial officer" finds:

(a)   Either (i) "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or (ii) "an attorney for the Government has recommended that no sentence of imprisonment be imposed;" **and**

(b)   By clear and convincing evidence that "the person is not likely to flee or pose a danger to any other person in the community."

18 U.S.C. § 3143(a)(2). Drug distribution in violation of Section 841(a) is one of the crimes for which the statute mandates detention, so long as the maximum term of imprisonment is at least ten years.

2

Section 3145(c) provides that an "appeal from a release or detention order, or from a decision denying revocation of such an order, is governed by" 28 U.S.C. § 1291 and 18 U.S.C. § 3731. 18 U.S.C. § 3145(c). It requires that an appeal "be determined promptly." *Id.* And, it says that a "person subject to detention pursuant to section 3143(a)(2)" who is not a flight risk or a danger to the community "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *Id.*

In interpreting a statute, a court's job is to "interpret the words consistent with their ordinary meaning at the time Congress enacted the statute." *United States v. Jabateh*, — F.3d —, No. 18-1981, 2020 WL 5361001, at *5 (3d Cir. Sept. 8, 2020) (quoting *Wis. Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2070 (2018)). Where the words of a statute are unambiguous, the inquiry ends. But if a statute is ambiguous and includes disputed language that is "reasonably susceptible to different interpretations," a court should turn to canons of statutory interpretation. *U.S. v. Jackson*, 964 F.3d 197, 201 (3d Cir. 2020). The "plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *see also Monzon v. De La Roca*, 900 F.3d 92, 102 (3d Cir. 2018).

The Court concludes that Section 3145(c) is ambiguous as to the discretion it creates to order pretrial release. On the one hand, as some courts have recognized, the language refers back to Section 3143(a), which suggests that it modifies that provision's mandatory detention provision. *See U.S. v. Williams*, 903 F. Supp.2d 292, 295-98 (M.D. Pa. 2012). On the other hand, Section 3145(c) addresses appeals of detention orders, and the first two sentences of that provision deal only with appeals. Also, if Section 3145(c) permits release

under exceptional reasons, it alters the specific conditions that Congress set forth in Section 3143(a)(2) for release pending sentencing. Thus, the context in which Section 3145(c) uses the "exceptional reasons" language and the broader context of the statute as a whole convince the Court that Section 3145(c)'s grant of discretion to release a defendant for "exceptional reasons" is ambiguous as to when the Court has that power.

### B.     Section 3145(c) Gives Courts Discretion To Release Defendants Pending An Appeal Of A Pretrial Detention Order

When interpreting a statute, the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000); *see also Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 319-20 (2014). "A court must therefore interpret the statute as a symmetrical and coherent regulatory scheme and fit, if possible, all parts into [a] harmonious whole." *Id.* That is, rather than read the words in narrow isolation, a court should "extend [its] gaze from the narrow statutory provision at issue to take in the larger statutory landscape." *Jabateh*, 2020 WL 5361001, at *7 (cleaned up) (quoting *Henson, v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1722 (2017)). The "[p]receding sections of a statute are integral parts of a whole . . .." *Id.* at *6 (quoting *New Prime v. Olivera*, 139 S. Ct. 532, 538 (2019)). Congress does not "alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions." *Bostock v. Clayton Cty., Ga.*, 140 S. Ct. 1731, 1753 (2020).

"It is a well-settled rule of statutory interpretation that titles and section headings cannot limit the plain meaning of statutory text where that text is clear." *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344, F.3d 335, 348 (3d Cir. 2003). But, while the "headings cannot substitute for the operative text of the statute, they are surely tools available for the resolution of doubt about the meaning of a statute." *Jabateh*, 2020 WL 5361001, at

*6 (cleaned up) (quoting *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008)).

Here, these canons of statutory construction lead the Court to conclude that Section 3145(c) sets forth a test that a court should apply if a defendant asks it to stay a detention order pending an appeal. That is, if a defendant subject to detention under Section 3143(a)(2) asks a court to stay its detention order, then Congress has instructed courts that they can do so only if the defendant shows both (a) that he is not a flight risk or danger to the community and (b) that exceptional reasons exist making detention inappropriate. This test would be different from, and likely more stringent than, the normal test for a stay pending appeal. It would therefore merit Congressional direction.

The Court's interpretation of Section 3145(c) accounts for the overall statutory structure, in several respects. *First*, it accounts for the different focus in the two different sections. Section 3143(a) addresses how magistrate judges and district judges should handle detention decisions in the first instance. Section 3145(c), on the other hand, deals with appeals of detention decisions, as its first two sentences make clear. If Congress intended to give courts the ability to release prisoners upon a showing of exceptional reasons in the first instance, it would have included that language in the statutory provision dealing with trial courts' detention decisions, not in a provision that focuses only on appeals.

*Second*, the Court's interpretation is consistent with the fact that, in Section 3143(a)(2), Congress set forth the exceptions to mandatory detention. It did not include an exception for "exceptional reasons." A court should not "lightly assume that Congress has omitted from its adopted text requirement that it nonetheless intends to apply . . .." *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 341 (2005). That principle applies with greater force where Congress shows that it knows how to include such a requirement.

*See id.* The Court must assume that Congress intended to omit "exceptional reasons" language from Section 3143(a)(2). That is particularly the case here because Congress showed in Section 3143(a)(2) that it knew how to provide exceptions to mandatory detention, if it wanted to do so.

*Third*, the Court's interpretation is consistent with the "elephants-in-mouseholes" principle of statutory construction. *Whitman v. Am. Trucking Ass'n*, 531 U.S. 457, 468 (2001). That is, Congress does not alter the details of its scheme through ancillary provisions. Here, Congress required detention for certain individuals, subject to narrow, specific exceptions. It makes no sense to think that Congress altered that balance in the third sentence of the third subsection of a different statutory provision. The Court must presume that Congress would not hide such an elephant in a mousehole.

*Fourth*, and finally, the Court's interpretation is consistent with the statutory headings, which help resolve any dispute about the statutory text. Congress titled Section 3143(a) "Release or Detention Pending Sentence." It titled Section 3145(c) "Appeal From a Release or Detention Order." These headings demonstrate that Congress intended Section 3143(a) to address the factors that a court should consider in deciding whether to release or detain a defendant. Congress intended Section 3145(c) to apply to appeals of detention orders. The Court's interpretation pays fealty to that intent.

The Court is aware that a majority of courts have held that Section 3145(c) permits district courts to order release of a defendant upon a showing of exceptional reasons, regardless of the pendency of an appeal. *See Williams*, 903 F. Supp.2d at 295-98 (collecting cases). But those courts focused on a dispute about whether Section 3145(c)'s reference to a judicial officer referred only to court of appeals or also to a district judge. *Compare id.* ("judicial officer" means district judge) *and U.S. v. Smith*, 34 F. Supp.3d 541, 546-52 (M.D.

Pa. 2014) *with U.S. v. Salome*, 870 F. Supp. 648, 652 (W.D. Pa. 1994) ("judicial officer" is appellate judge). It does not appear that any of those courts had reason to address whether Section 3145 is limited to pending appeals or applies more broadly.

The Court notes that, in some respects, its interpretation reconciles these two lines of cases. The majority view rests on the fact that Section 3145(c) uses the term "judicial officer," which includes a district judge. The minority view stems from the fact that the "jurisdiction established by § 3145(c) is appellate jurisdiction, not original jurisdiction to act independently." *U.S. v. Salome*, 870 F. Supp. 648, 652 (W.D. Pa. 1994). The Court's interpretation of Section 3145(c) interprets the term "judicial officer' to include a district judge, as the statute commands. *See* 18 U.S.C. § 3156 (defining "judicial officer"). At the same time, the Court's interpretation acknowledges that Section 3145(c) is all about appeals, not detention proceedings in general.

## III.   CONCLUSION

If Congress wanted courts to have the power to release defendants pending sentencing for exceptional reasons, it would have said so in the statutory provision dealing with detention pending sentencing. It did not do so. Instead, it included "exceptional reasons" as a basis for release in a statutory section that addresses appeals of detention decisions. Given that context, the Court concludes that, in 18 U.S.C. § 3145(c), Congress provided courts with the standard to use in deciding whether to stay a detention decision pending an appeal of that decision.

BY THE COURT:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

October 5, 2020